**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL J. CLEVELAND, SR., and
ANGELA I. CLEVELAND,

                                  Plaintiffs,

                - v -                                           Civ. No. 1:16-CV-1235
                                                                        (NAM/DJS)
SCHENECTADY COUNTY DEPARTMENT
OF CHILDREN AND FAMILIES, *et al.*,

                                  Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

MICHAEL J. CLEVELAND, SR.
Plaintiff, *Pro Se*
73 14TH Street
Troy, New York 12305

ANGELA I. CLEVELAND
Plaintiff, *Pro Se*
73 14TH Street
Troy, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

                    **REPORT RECOMMENDATION and ORDER**

        The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiffs Michael and

Angela Cleveland.  Dkt. No. 1, Compl.  Plaintiffs have not paid the filing fee, but have submitted

Motions to Proceed *In Forma Pauperis*.  Dkt. Nos. 2 & 3.[1]

        The present thirty-three paged Complaint is an omnium-gatherum, which attempts to set out

a series of claims regarding the removal of five children from Plaintiffs' custody.  *See generally*

Compl.  Plaintiff Angela Cleveland is identified as the natural mother of the minor children, whereas

---

[1] By separate Order, the Court has granted both Plaintiffs' IFP status.  Dkt. No. 5.

Plaintiff Michael Cleveland, Sr., is identified as their step-father. Compl. at pp. 2-21, ¶¶ 1-98.[2] The named Defendants include twenty-two individuals (primarily case workers and attorneys), as well as the Schenectady County Department of Children and Families; Schenectady County Sheriff's Department; Schenectady County Conflict Defenders Office (referred to as "Conflick defenders office"), Northeast Parent and Child Society, and Berkshire Farms. *Id*. at pp. 3-9, ¶¶ 5-20. Plaintiffs assert that this action is being brought pursuant to 42 U.S.C. §§ 1983 and 1985 as well as the Kansas Tort Claims Act.[3] *Id*. at p. 2, ¶ 2.

Generally, the Plaintiffs claim that as a result of the conduct of the Defendants, working in unison, they were deprived of their constitutional rights, including the right to due process; the right to family association and the custody of their children; and the right to make medical decisions on behalf of their children.[4] *Id.* at pp. 3, 15, & 18, ¶¶ 4, 80, & 92. Plaintiffs allege that the Defendants unlawfully removed, detained, and questioned their children, and that this conduct, occurred on April 3, 2014 and thereafter, up until the filing of the present civil action. *Id*. at p. 17, ¶ 91. Further, the Complaint alleges that at least three of the children have been abused sexually and physically

---

[2] While the Complaint contains separately enumerated paragraphs, there are breaks in the numbering, such as when on pages thirteen to fourteen the paragraph numbers skip from thirty-six to seventy-eight, and there are duplicate numbers, for example on page twenty-four when the numbering reverts back to 103. For ease of reference, the Court will cite to both page and paragraph numbers when citing to the Complaint.

[3] In addition to listing the Kansas Tort Claims Act as a basis for bringing this action, Plaintiffs have, injected seemingly random references to Kansas throughout the Complaint, such as the statement that the Schenectady County Sheriff's Department "is the local law enforcement branch of Riley County, Kansas in the city of Schenectady." Compl. at pp. 2 & 6, ¶¶ 1 & 14. In light of the fact that all the acts described within the Complaint are alleged to have occurred within the Northern District of New York, it is not clear why Plaintiffs make reference to Kansas at all.

[4] Plaintiffs claim that it is "against their faith and belief to medicate children unless it was a life threatening emergency" and that the children have been forcibly administered medication while in a foster home. Compl. at pp. 15 & 16, ¶¶ 80 & 86.

while in the custody of the Defendants.[5]  *Id*. at p. 14, ¶ 79.

## I. DISCUSSION

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere

---

[5] Importantly, nowhere in the Complaint is there any indication of what individual or entity, other than the County, had physical custody of the children when these events are alleged to have occurred.

conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to

relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure

8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft

v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that

only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal

quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the

defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*,

335 F. App'x 102, 104 (2d Cir. 2009).

## A. *Monell* **Claim**

After careful review, the Court finds that the Plaintiffs have, at this preliminary stage, set

forth a cognizable claim regarding the policies of the Schenectady County Department of Children

and Families. In particular, the Complaint at pp. 19-20, ¶¶ 94(a)-(i) and pp. 25-26, ¶¶ 106(a)-(i) sets

forth specific policies of the County Department of Children and Families which Plaintiffs allege

caused a violation of their Fourteenth Amendment constitutional rights. Such policies include, *inter

alia*, the policy of removing children from families without a court order and without exigent

circumstances, and a policy of wrongfully detaining children. Insofar as the Plaintiffs have alleged

that the municipality's policy or custom has caused a constitutional violation, a Section 1983 claim

has been stated.[6] *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *see also,*

---

[6] In their Complaint, the Plaintiffs assert that the County violated the Fourth and Fourteenth Amendments. It is not clear whether Plaintiffs are raising violations of their own rights or on behalf of their minor children. Because, at this early stage, I am unsure as to the current custodial status of the Plaintiffs with regard to the minor children, I do
(continued...)

*Tylena M. v. Heartshare Children's Servs.*, 390 F. Supp. 2d 296, 304 (S.D.N.Y. 2005) ("While the [municipality] thus delegates responsibility for the provision of direct foster care services to private entities, this delegation does not absolve the [municipality] of its ultimate responsibility to ensure that children in its custody receive adequate care and protection from harm.") (internal citations omitted).

However, the Court notes that the proper party against which this claim will be interposed is not the Department of Children and Families, but rather Schenectady County because a county social services department is not a separate legal entity subject to suit. *See Pitre v. Shenandoah*, 633 F. App'x 44 (2d Cir. 2016); *see also* N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county."); *Eliacin v. Fiala*, 2009 WL 4807610, at *4 n.2 (N.D.N.Y. Dec. 8, 2009) (interpreting N.Y. County Law § 51 to require the dismissal of a county department, because the county itself was "the real party in interest and the properly named [d]efendant") *aff'd sub nom. Eliacin v. Cnty. of Broome*, 488 F. App'x 504 (2d Cir. 2012). Accordingly, the Schenectady County Department of Children and Families should be **dismissed** from this action. Similarly, to the extent the Schenectady County Sheriff's Department is accused of carrying out any unconstitutional policies, *i.e.*, removing children from the home, such entity should similarly be dismissed as the proper party for such a claim is Schenectady County.

---

[6](...continued)
not opine on whether they have standing to raise claims on behalf of the children. Similarly, although I find that preliminarily the Plaintiffs have stated a *Monell* cause of action that would survive this initial review, I do not address whether such claim could survive a dispositive motion, nor do I address whether some of Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, or whether the Court should abstain under the *Younger* doctrine. *See Robertson v. Allen*, 2016 WL 205381, at * 4-5 (N.D.N.Y. Jan. 15, 2016) (explaining in detail the jurisdictional issues in connection with challenges to family court dispositional orders).

## B. Supervisory Liability and Personal Involvement

The Complaint is not sufficiently specific, however, with regard to the claims against Defendants Tina Cheetham-Colon and Cheryl Cawley, who are said to be supervisors for the Schenectady County Department of Children and Families. Compl. at p. 4, ¶¶ 6 & 7. It is alleged that these two supervisors "aided, assisted, and abetted each of the other social worker defendants in their efforts to violate Plaintiff's rights." *Id.* at pp. 10 & 11-12, ¶¶ 28 & 31. Plaintiffs further claim that these Defendants knew or should have known of the wrongful conduct of their subordinates, and expressly approved of it, or failed to prevent the wrongful conduct, and that this failure or acquiescence was a substantial factor in the constitutional violations. *Id.* However, the Complaint omits any specific allegation regarding whom the two supervisor Defendants oversaw, or what they specifically did.

As stated in *Iqbal*, a "formulaic recitation of the elements" of a claim is insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. at 681 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Plaintiffs must do more then "tender[] naked assertions devoid of further factual enhancement," and they must assert the personal involvement of each Defendant in any wrongdoing. *Id.* at 678. Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Dyno v. Vill. of Johnson City*, 240 F. App'x 432, 434 (2d Cir.2007) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir.1986)). Personal involvement "can occur by direct participation in the alleged violation, a supervisory official's failure to remedy a wrong, a supervisory official's creation of a policy or custom under which unconstitutional acts occurred, or through a supervisory official's gross negligence in managing his subordinates." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. at 683 (noting that defendants "cannot be

*-6-*

held liable unless they themselves acted on account of a constitutionally protected characteristic").

In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir.1986).

Plaintiffs' bare allegations against the supposed supervisory Defendants are insufficient. Similarly, although listed as Defendants, the Complaint is devoid of any factual allegations of specific wrongdoing by Paul Brady, Julie Bailey, Shainna More, Nicole Nelson, Della Ferraro, Mandi Clegg, Gewenthen Jerome, Michael Malone, Tina Tronetti-Hotvet, Steve Borden, Valerie Valente, Page Lerret, Kathie Voisine-Maruska, Det. Sherman, Randy Debenham, Schenectady County Sheriff's Department, Northeast Parent and Child Society, and Berkshire Farms. In this regard, Plaintiffs fail to allege that any of these Defendants were personally involved in any constitutional deprivation and thus are subject to dismissal. *See Cipriani v. Buffardi*, 2007 WL 607341, at \*1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, 2014 WL 5425501, at \*6 (E.D.N.Y. Oct. 23, 2014) (holding that plaintiff had not adequately pled personal involvement of defendant who was nowhere mentioned or referenced in the body of the amended complaint); *Hendrickson v. U.S. Atty. Gen.*, 1994 WL 23069, at \*3 (S.D.N.Y. Jan. 24, 1994), *aff'd*, 40 F.3d 1236 (2d Cir. 1994) ("To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law.").

Accordingly, I recommend that these Defendants be **dismissed** from this action without prejudice.

-7-

## C. Section 1985 Claims

Plaintiffs assert that this action is also brought pursuant to 42 U.S.C. § 1985. The only relevant section of that statute is subsection (3) which states, in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . , if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

To recover under this section, a plaintiff must show the existence of (1) a conspiracy (2) meant to deprive a person or persons of the equal protection of the laws or privileges and immunities under the laws with (3) "an overt act in furtherance of the conspiracy[,] (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States[,]" and (5) "some racial or perhaps otherwise class-based, invidious discriminatory animus[.]" *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citations omitted). "In this context, 'class-based animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex." *Martin v. New York State Dep't. of Corr. Servs.*, 115 F. Supp. 2d 307, 316 (N.D.N.Y. 2000) (citations omitted). Thus, to recover damages under § 1985, Plaintiffs must allege facts from which purposeful discriminatory intent can be inferred. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390-91 (1982) (cited in *Hill v. Philip Morris USA*, 2004 WL 1065548, at *4 (S.D.N.Y. May 11, 2004)); *see also Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (finding that in order to state a claim under § 1985(3), a plaintiff "must allege, *inter alia*, that the defendants who allegedly conspired sought, with *discriminatory intent*, to deprive the plaintiff

of a right covered by the Constitution or other laws") (emphasis added).

With regard to the § 1985 conspiracy claim, Plaintiffs merely state that the Defendants conspired, but provide no other facts, or even circumstances, from which this Court can surmise that any such conspiracy occurred. And more importantly, nowhere in the Complaint do Plaintiffs suggest that any Defendant acted with discriminatory animus. Therefore, Plaintiffs' claims of conspiracy, pursuant to § 1985, should be **dismissed** for failure to state a claim.

### D. Other Claims

Plaintiff generally accuses the Defendants of violating their right to privacy when they publicized information about Plaintiffs that put them in a "false light", such as claiming that the Plaintiffs abused their children, and in doing so slandered Plaintiffs. Compl. at pp. 28-32, ¶¶ 111-27. It is not clear whether Plaintiffs intended to bring State claims against the Defendants for this conduct or if it is meant to be part of the § 1983 claims. As noted above, these allegations are completely devoid of allegations of facts regarding any particular Defendant which would allow the Court to assess the viability of such claims. Instead, the Plaintiffs draw general conclusions as to all the Defendants. Further, a claim of slander generally requires that the Plaintiffs identify the words spoken or published, or at least provide sufficient information in order for a Defendant to prepare a defense. *See Vaughn Co. v. Global Bio-Fuels Tech., LLC*, 2013 WL 5755389, at \*9 (N.D.N.Y. Oct. 23, 2013).[7] As pled, such claims cannot proceed and should be **dismissed** without prejudice.

---

[7] In this matter, for example, it is important to know if the words were uttered as part of the family court proceedings because such testimony by a witness in a judicial proceeding would be absolutely privileged and cannot be made the basis of an action for libel or slander. *Cullin v. Lynch*, 113 A.D.3d 586 (N.Y. App. Div., 2d Dep't 2014)

### E. Absolute Immunity

According to the Complaint, Defendant Powers, a Schenectady County Family Court Judge, was the Judge who presided over the proceedings in connection with the removal of the Plaintiffs' children/stepchildren, and is said to have noted at one hearing that "the children are better off in the care of Schenectady County [Department of Social Services] despite the difficulties, stripping of their religious beliefs and parental alienation." Compl. at pp. 7 & 14, ¶¶ 17 & 79. It is further alleged that Defendant Judge Powers "is bound by his judicial oath of office and the Constitution to uphold the law with impartiality and fairness; without bias, harassment or abuse ensuring citizens the legal right to be heard without external judicial influences[.]" *Id*. at p. 7, ¶ 17. The general thrust of the Complaint appears to be that Judge Powers did not fulfill his duties in connection with his judicial role of overseeing the Family Court proceedings. *Id.*

The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)) (emphasis added). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id*. at 51 (internal quotation marks and citations omitted). The Supreme Court has emphasized that the scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351(1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* "Judicial immunity bars claims for damages." *Collins v. Lippman*,

2005 WL 1367295, at \*3 (E.D.N.Y. June 8, 2005) (citation omitted). "It also bars claims for injunctive relief unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* (internal quotation omitted).

In this case, all of the allegations against Judge Powers stem from his judicial role and from decisions he made while he presided over proceedings in the Schenectady County Family Court. There is no plausible allegation that Judge Powers was acting without jurisdiction to decide the matters at issue before him or that he acted outside his judicial capacity. *Arena v. Dep't of Soc. Servs. of Nassau Cnty.*, 216 F. Supp. 2d 146, 153-54 (E.D.N.Y. 2002). Accordingly, the Court finds that Defendant Powers is immune from the Clevelands' civil action and recommends **dismissal** of this action against him **with prejudice**.

Similarly, according to the Complaint, Defendant Michael R. Godlewski is the Deputy County Attorney for Schenectady County. Compl. at p. 7, ¶ 16. It is alleged that Godlewski "spread lies and slanderous accusations" against the Clevelands in the court proceeding, and refused to provide access to "his file." *Id.* at pp. 15 & 16, ¶¶ 81 & 84. The Second Circuit has long recognized, however, that an attorney for a county department of social services who initiates and prosecutes child protective orders and represents the interests of the department in the county and family court is entitled to absolute immunity. *Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (citing *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984)). Given "the importance of the department's activities, the need to pursue protective child litigation vigorously and the potential for subsequent colorable claims, the attorney must be accorded absolute immunity from section 1983 claims arising out of the performance of [his] duties." *Id.* (internal quotation marks and citations omitted). Accordingly, as the Clevelands' Complaint is based upon allegations regarding the Deputy

County Attorney's activities while in court and issues involving discovery, it is evident that Mr. Godlewski is immune from suit and therefore the claims against him cannot go forward. As such, I recommend that he be **dismissed** from this action **with prejudice**.

### F. Private Individuals

Defendants James Martain, Alexandera Verrigni, and Phillip G. Ankerman[8] are alleged to each be private attorneys who represented different parties in the family court proceedings. *See* Compl. at pp. 8-9 & 34, ¶¶ 18-20. Mr. Martain is alleged to have represented Michael Cleveland before he was replaced by Mr. Ankerman. Whereas Ms. Verrigni was the law guardian for the Clevelands' children. The Schenectady County Conflict Defenders office appears to have represented Angela Cleveland in the family court matter. Based on the limited facts contained in the Complaint, the conduct of these individuals and of the Conflict Defenders Office cannot be considered to satisfy the prerequisite of State action for a § 1983 claim. It is well settled that conduct of private attorneys practicing in family court proceedings, even where they are paid by the State, do not rise to the level of State action. *Koziol v. King*, 2015 WL 2453481, at *11 (N.D.N.Y. May 22, 2015). That rationale applies to law guardians as well. *Id.* ("More to the point, it is equally well-settled that, 'although appointed by the state, an attorney for the child[ ] or law guardian is not a state actor because he . . . must exercise independent professional judgment on behalf of the clients [he] represent[s].'" ) (quoting *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), *aff'd* 485 F. App'x 500 (2d Cir. 2012)).

While it is true that private actors may be proper §1983 defendants when they conspire with state actors, a mere conclusory allegation that a private individual acted in concert with state

---

[8]Attorney Ankerman is not listed in the caption, but is identified as a Defendant in the body of the Complaint. Compl. at p. 9, ¶ 20.

officials is wholly insufficient. *Ciambreillo v. County of Nassau*, 292 F. 3d 307, 324 (2d Cir. 2002). In the present Complaint, the conclusory, vague, and general allegations of conspiracy do not state a plausible civil rights claim against the attorneys or the Conflict Defenders Office. Accordingly, the claims against Defendants Martain, Verrigni, and Ankerman should be **dismissed** without prejudice. Insofar as the Schenectady County Conflict Defenders Office would not be a proper entity capable of suit, such claims should be dismissed against that entity **with prejudice**.

## II. CONCLUSION

Unless specifically stated, the above recommendations of dismissal are based primarily on pleading deficiencies and not necessarily on the viability of the claims intended to be stated. Although the Court recommends dismissal of such claims and Defendants, alternatively, in light of their *pro se* statuses, the Court recommends that prior to outright dismissal of this action, the Court should afford Plaintiffs the opportunity to file an amended complaint if they desire to proceed. Should Plaintiffs be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiffs**, must contain a caption that clearly identifies, by name, each individual that Plaintiffs are suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiffs' amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiffs claim that their civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, they should include a corresponding number of paragraphs in their amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and

*-13-*

every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiffs' civil and/or constitutional rights.

Plaintiffs' amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiffs are further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiffs shall state in the single amended complaint all claims that they wish this Court to consider as a basis for awarding Plaintiff relief herein; their failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

**WHEREFORE**. for the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants Mark Powers, James Martain, Michael Godlewski, Alexandera Verrigni, Esq., Phil Ankerman, Schenectady County Department of Children and Families, Schenectady County Conflict Defenders Office, and Schenectady County Sheriff's Department be **dismissed** as Defendants; and it is further

**RECOMMENDED**, that Defendants Paul Brady, Julie Bailey, Shainna More, Nicole Nelson, Della Ferraro, Mandi Clegg, Gewenthen Jerome, Michael Malone, Tina Tronetti-Hotvet, Steve Borden, Valerie Valente, Page Lerret, Kathie Voisine-Maruska, Det. Sherman, Randy Debenham, Berkshire Farm, and Northeast Parent and Child, Inc., be **dismissed without prejudice**, and that the Plaintiffs be given an opportunity to amend their Complaint in order to state viable claims as against those Defendants; and it is further

**RECOMMENDED**, that this case be allowed to proceed against Defendant Schenectady

County with regard to Plaintiff's *Monell* claim. In the event these recommendations are adopted by the District Judge and the case is approved to proceed against Schenectady County, the Clerk shall return the matter to the undersigned so that and Order can be issued regarding service by the Marshal; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[9] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   December 30, 2016
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[9] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).