**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL J. CLEVELAND, SR., and
ANGELA I. CLEVELAND,

                      Plaintiffs,

      - v -                                  Civ. No. 1:16-CV-1235
                                                      (NAM/DJS)

SCHENECTADY COUNTY DEPARTMENT
OF CHILDREN AND FAMILIES, *et al.*,

                      Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

MICHAEL J. CLEVELAND, SR.
Plaintiff, *Pro se*
73 14TH Street
Troy, New York 12305

ANGELA I. CLEVELAND
Plaintiff, *Pro se*
73 14TH Street
Troy, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

**I.  PROCEDURAL HISTORY**

On October 12, 2016, *pro se* Plaintiffs Michael and Angela Cleveland filed a civil rights Complaint against Schenectady County Department of Children and Families, four other entities, and twenty-two individuals (primarily caseworkers and attorneys).  Dkt. No. 1, Compl.  On December 30, 2016, this Court granted Plaintiffs' Motions for Leave to

Proceed *in Forma Pauperis*, but issued a Report-Recommendation and Order that recommended dismissal of most, but not all, of Plaintiffs' claims. Dkt. No. 8. In particular, the Report-Recommendation noted that the Plaintiffs were alleging violations of their rights to due process and family association relating to the removal of their children from their custody, and concerning the acts of State officials and private individuals that followed that removal. *Id.* at pp. 2-3. This Court noted that the Complaint, albeit thinly, set forth a cognizable *Monell* claim based upon alleged improper policies and practices of Schenectady County regarding removal, wrongful detention, and inadequate care and custody of the children who had been removed. *Id*. at pp. 4-5. It was noted however, that the only proper *Monell* Defendant was the County of Schenectady, and not its Department of Children and Families, which has no independent legal status. *Id.* at p. 5. It was recommended that the claims against the individual Defendants be dismissed as the Complaint did not adequately set forth any personal involvement by those individuals in any constitutional wrongdoing, nor did it adequately state a claim of supervisory liability. *Id.* at pp. 6-7. This Court also noted that various Defendants would be entitled to absolute immunity as a matter of law and therefore were entitled to immediate dismissal. *Id*. at pp. 10-12. This Court recommended dismissal of all claims under 42 U.S.C. § 1985 due to Plaintiffs' failure to allege a discriminatory animus. *Id.* at pp. 8-9. And, finally, this Court recommended dismissal of Plaintiffs' "false light" claims and any State law claim for slander, again for pleading deficiencies. *Id.* at pp. 8-9. Most of the claims were recommended dismissed without prejudice and, in light of the Plaintiffs' *pro se* statuses, it was this Court's opinion that the

Plaintiffs should be granted leave to replead certain of their claims. *Id.* at pp. 13-14.

Plaintiffs did not object to this Court's Report-Recommendation and Order, and on February 1, 2017, the Honorable Norman A. Mordue, Senior United States District Judge, adopted those recommendations, and ruled that the Plaintiffs' *Monell* claim against Schenectady County could proceed, but the remaining claims and Defendants were dismissed. Dkt. No. 11. Those dismissals were as follows:

Dismissed with Prejudice:

> All claims against Defendants Judge Mark Powers; Michael R. Godlewski, Esq.; Schenectady County Department of Children and Families; Schenectady County Conflict Defenders Office; and Schenectady County Sheriff's Department.

Dismissed without Prejudice:

> All claims against Defendants James Martain; Alexandria Verringi, Esq.; Phil Ankermen; Tina Cheetham-Colon; Cheryl Cawley; Paul Brady; Julie Bailey; Shainna More; Nicole Nelson; Della Ferraro; Mandi Clegg; Gewenthen Jerome; Michael Malone; Tina Tronetti-Hotvet; Steve Borden; Valerie Valente; Page Lerret; Northeast Parent and Child Society; Berkshire Farms; Kathie Voisine-Maruska; Det. Sherman; and Randy Debenham.

## II. THE PROPOSED AMENDED COMPLAINT

After the issuance of this Court's Report-Recommendation and Order, but prior to the issuance of Judge Mordue's Memorandum-Decision and Order, the Plaintiffs took advantage

of the opportunity recommended by this Court and filed an Amended Complaint. Dkt. No. 10, Am. Compl. The Amended Complaint is ten pages longer, contains the same causes of action, but adds a specific State law slander action. *Id*. The Amended Complaints omits three previously named Defendants from the claim – Paul Brady, Page Lerret, and Randy Debenham – and increases the number of "Doe" Defendants from ten to twenty-four. *Compare* Compl. and Am. Compl.

### III. DISCUSSION

Because Plaintiffs have been granted leave to proceed IFP, the newly filed Amended Complaint must again be reviewed for the sufficiency of the asserted claims pursuant to 28 U.S.C. § 1915(e)(2). In doing so, the Court incorporates by reference the entire standard of review as well as the factual and legal analyses previously articulated in the prior Report-Recommendation and Order, Dkt. No. 8, as the Amended Complaint sets forth the same general theory that Plaintiffs attempted to assert in the original Complaint. Further, and as noted in this Court's original Report-Recommendation and Order, in deciding whether the Amended Complaint states a plausible claim against any party, the *pro se* Plaintiffs are entitled to a certain measure of liberality. However, where the Amended Complaint asserts claims that are legally frivolous, this Court has an obligation to ensure that such do not proceed. 28 U.S.C. § 1915(e)(2)(B).

The Amended Complaint, as with the original Complaint, asserts constitutional claims relating to the removal of the Plaintiffs' children from their custody as well as incidents that

occurred thereafter.[1]  As noted in the original Report-Recommendation and Order, if the issue in dispute only related to those family court rulings and orders which resulted in the Plaintiffs' loss of custody of their children, federal courts may well lack jurisdiction to hear the Amended Complaint or be precluded under the *Rooker-Feldmen* Doctrine.  *See Woolsey v. Mitzel*, 2017 WL 1323931, at *2-3 (N.D.N.Y. Mar. 6, 2017).  However, the Amended Complaint goes farther and alleges that while their children were in the custody of Schenectady County, or its provider, Northeast Parent and Child Society, the children were subjected to, *inter alia*, abuse and neglect, and this occurred as a result of policies of Schenectady County's Division of Children and Families.  Am. Compl. at pp. 32-36.[2]

Consistent with this Court's initial decision, I again find that the above allegations are sufficient to allow this aspect of the Amended Complaint to proceed past initial review.  Once again, I conclude that the proper Defendant is Schenectady County itself, and not the Department of Children and Families.  As such, the Schenectady Department of Children and Families should be **dismissed**.

Next, upon review of the Amended Complaint I find that it sets forth a plausible claim against Northeast Parent and Child Society.  Northeast is alleged to have been "charged with and then carried out" the policies regarding improper removal of children; improper medical

---

[1] The Amended Complaint adds the children's names and dates of birth. Am. Compl. at p. 14. Such an inclusion in the Amended Complaint violates the Northern District's Local Rules regarding privacy protection. *See* N.D.N.Y.L.R. 8.1. The Clerk is therefore directed to redact this personal identifying information from the Amended Complaint.

[2] The Amended Complaint does not contain contiguously numbered paragraphs. Instead it contains paragraphs numbered 1-57, skips to paragraph 89, and then omits any further numbering. For ease of reference, all citations to the Amended Complaint will be to the page number located at the bottom of each page of the Amended Complaint.

and psychological examinations; as well as other unconstitutional policies.  Am. Compl. at p. 32-36.

I also find that the Amended Complaint sets forth enough to warrant a responsive pleading from Defendant Tina Cheetam-Colon, who is alleged to be the children's case manager.  The Amended Complaint alleges Ms. Cheetam-Colon's personal involvement in the alleged constitutional violations, including a conspiracy to deprive Plaintiffs of their parental rights, allegedly manufacturing false evidence to be used against them, and improperly advising third parties that Plaintiffs were guilty of misconduct, including sexual misconduct, relating to their children.

While I find that these claims in the Amended Complaint are sufficient to survive initial review under § 1915(e), I express no opinion whether any of these claims can withstand a properly filed dispositive motion.

To the extent Plaintiffs are attempting to reinstate their claims against the above Defendants under 42 U.S.C. § 1985, such claims fail again for the reasons identified in the initial Report-Recommendation and Order.  Dkt. No. 8 at pp. 8-9.

As to the remaining Defendants, I find that the Amended Complaint fails to state plausible claims.  First, with regard to the Defendants sued in their official capacities, such a claim is merely another way of stating a *Monell* claim against the employer.  The Court has already addressed the legitimacy of the *Monell* claims in the Amended Complaint, and therefore recommends dismissal of all official capacity claims as being either duplicative of the *Monell* claims that are being allowed to remain, *see Kavanaugh v. Vill. of Green Island*,

2016 WL 7495813, at *3 (N.D.N.Y. Dec. 30, 2016), or are meritless.

Second, as to Defendants Mark Powers; Michael Godlewski; Schenectady County Department of Children and Families; Schenectady County Conflict Defenders Office; and Schenectady County Sheriff's Department, who were previously dismissed with prejudice, I once again recommend **dismissal with prejudice** for the reasons previously articulated by me and later adopted by Judge Mordue.

As to the individual Defendants who had previously been dismissed without prejudice, *see supra* page 3, those Defendants, with the exception of Defendants Tina Cheetham-Colon and Northeast Parent and Child Society, should be dismissed because the Amended Complaint suffers from the same infirmities previously identified with the original Complaint. More specifically, the Amended Complaint is simply devoid of any specific factual allegations against these individual Defendants which would set forth a plausible civil rights claim. This analysis also extends to John Does 1-24, as Plaintiffs fail to allege any factual allegations setting forth a plausible civil rights claim.

As the Second Circuit has noted, when reviewing a *pro se* complaint, a court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Here the Plaintiffs have already been granted leave to amend and had been provided specific instructions as to what an amended complaint should contain, which would include specific allegations against each named defendant in separately numbered paragraphs. Dkt. No. 8 at pp. 13-14. There has been no compliance with that

direction, and the Amended Complaint remains vague and wholly conclusory insofar as to many of the Defendants at issue, there is simply no indication as to what they specifically did to cause a constitutional violation. Therefore where, as here, the Plaintiffs have already been given an opportunity to amend the pleading, and they have not corrected the deficiencies, it would be futile in the Court's view to allow them an opportunity to amend again. *See Abascal v. Hilton*, 2008 WL 268366 at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting report recommendation of Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir 2009).

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 10) be accepted for filing limited to the claims stated against Schenectady County; Northeast Parent and Child Society; and Tina Cheetham-Colon; and it is further

**RECOMMENDED**, that all claims alleging a violation of 42 U.S.C. § 1985 be dismissed; and it is further

**RECOMMENDED**, that as to the following Defendants – Schenectady County Department of Children and Families; Cheryl Cawley; Julie Bailey; Shainna More; Nicole Nelson; Della Ferraro; Mandi Clegg; Gewenthen Jerome; Michael Malone; Tina Tronetti-Hotvet; Steve Borden; Valerie Valente; James Martain; Michael R. Godlewski, Esq.; Mark Powers; Alexandera Verrigni, Esq.; Phil G. Ankerman, Esq.; Kathie Voisine-Maruska; Det.

Sherman; Schenectady County Sheriff's Department; Berkshire Farms; the Schenectady County Conflict Defenders Office; and John Does 1-24 – to the extent Plaintiffs are attempting to state new claims or reinstate previously dismissed claims against them, such Defendants should be **dismissed with prejudice** for failure to state a claim upon which relief could be granted;[3] and it is further

**RECOMMENDED**, that the Clerk of the Court redact the Amended Complaint (Dkt. No. 10) to remove the names and dates of birth of the Plaintiffs' minor children, appearing on pages 3, 14, 16, 17, 18, 19, 20, & 23, and substitute initials; and it is further

**RECOMMENDED**, that in the event the above recommendations are accepted, the Clerk return the matter to the undersigned so that an Order can be issued directing service on the three Defendants noted above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[3] In light of the Plaintiffs' *pro se* status, the Court has compiled the list of named Defendants from both the caption of the Amended Complaint, and the section following the heading "Parties" within the body of the Amended Complaint. Am. Compl. at pp. 1-2 & 3-9. As noted above, having already extended an opportunity to amend to state plausible claims against these Defendants, the Court believes that a dismissal with prejudice is warranted.

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: June 14, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge